IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID JOE SMITH,

      Petitioner,                    No. CIV S-08-2352 KJM P

   vs.

JAMES A. YATES, et al.,

      Respondents.            <u>ORDER</u>

_____/

      Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus. Both parties have consented to this court's jurisdiction.

      On July 17, 2009, respondent filed a motion to dismiss. On October 14, 2009, the court issued an order to show cause, directing petitioner to file his opposition or statement of non-opposition to the motion within thirty days of that order. On October 26, 2009, petitioner filed a motion for the appointment of counsel and for a postponement of the case. The court denied both motions on November 19, 2009 and gave petitioner an additional thirty days in which to file an opposition to the motion to dismiss. He was warned in both orders that his failure to respond would result in dismissal of the action.

//////

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for over a year and has reached the stage for resolution of respondent's motion to dismiss and, if necessary, submission on the merits. Plaintiff's failure to comply with the Local Rules and the court's October 14, 2009 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned. The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the

1 | reasons set forth <u>supra</u>, the first, second, and fifth factors strongly support dismissal and the third
2 | factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh
3 | the general public policy favoring disposition of cases on their merits.  <u>See</u> <u>Ferdik</u>, 963 F.2d at
4 | 1263.
5 |       For the foregoing reasons, IT IS HEREBY ORDERED that this action be
6 | dismissed pursuant to Federal Rule of Civil Procedure 41(b).
7 | DATED: January 20, 2010.

_____
U.S. MAGISTRATE JUDGE

2

smit2352.100